**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**TIMOTHY TENSLEY,**                                                                                                **PETITIONER**
Reg. # 10203-003

VS.                                     **CASE NO. 2:10CV00014 BD**

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                                           **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner Timothy Tensley filed this pro se petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") failed to comply with the Second Chance Act when considering his request for home detention or placement in a Residential Reentry Center ("RRC"). Respondent filed a Response (#5), to which Petitioner replied (#6). Petitioner also filed a supplement to his petition (#9). For the following reasons, the petition is GRANTED in part and DENIED in part.

**I.     Background**

Petitioner is currently serving a thirty-seven month term of imprisonment in the Federal Correctional Complex in Forrest City, Arkansas. According to Petitioner's supplement (#9), his projected release date is December 28, 2010.

Petitioner alleges the BOP violated the Second Chance Act by denying his request for six-months' home detention or RRC placement. Petitioner seeks an immediate injunction ordering the BOP to transfer him to an RRC. In the alternative, Petitioner

requests the Court order the BOP to show cause why he should not serve the remainder of his term in home detention or an RRC (#2, p. 23).

Respondent argues that Petitioner failed to exhaust his administrative remedies and that the BOP properly determined Petitioner's prerelease RRC placement. In reply, Petitioner counters that exhaustion of administrative remedies would be futile. He contends that the time necessary to fully exhaust would render his petition moot. Respondent did not address these points.

## II.   Discussion

### A.   Exhaustion of Administrative Remedies

Habeas corpus petitioners are generally required to exhaust available administrative remedies before filing for relief under 28 U.S.C. § 2241. See *United States v. Chappel*, 208 F.3d 1069 (8th Cir.2000). Exhaustion, however, is not required if it would be futile. *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D.Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)). Petitioner argues that the Court should excuse his failure to exhaust because exhaustion would be futile and the timing of the BOP's administrative process would cause him irreparable harm (#6).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff. If dissatisfied with the result of the informal process, the inmate may then pursue a three-step formal administrative process. In the formal process, the prisoner appeals to the Warden, then to the Regional Director, and

last, to the Office of General Counsel. The inmate's administrative remedies are not deemed exhausted until his grievance has been properly filed and denied at each step. See *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D.Ark. Aug. 14, 2006).

A substantial amount of time is necessary to complete the administrative process. At the first formal step, the Warden has twenty days to consider a petitioner's appeal. At the second step, the Regional Director has thirty days to consider an appeal. At the final step, the Office of General Counsel has forty days to consider the appeal. At each step, the Warden, Regional Director, and General Counsel may grant themselves extensions of twenty, thirty, and twenty days, respectively. These officials may grant themselves extensions for any reason, and there is no provision for expedited consideration of Petitioner's placement request. Without extensions, it would take Petitioner a minimum of ninety days to complete the administrative process. This does not include time necessary to prepare and deliver an appeal, or to receive responses to the appeal. With one extension at each level, the process would take one-hundred-- sixty days, which is in excess five months.

BOP regulations require that officials conduct a Second Chance Act assessment between 17-19 months before a prisoner's projected release date. *Miller v. Whitehead*, 527 F.3d 752, 757-758 (8th Cir. 2008). This requirement would typically give a prisoner

ample time to exhaust the administrative process after the assessment is completed. In this case, however, neither party has identified the date of Petitioner's assessment.[1]

Petitioner noted that some form of review occurred on January 12, 2010, after he submitted a request for review on January 6, 2010 (#2, p. 25). Petitioner filed the pending petition on February 1, 2010. If Respondent completed the required assessment on January 12, 2010, instead of 17-19 months prior to release, he would not have had adequate time to exhaust the administrative process. Denying this petition in favor of requiring Petitioner to complete the administrative process would effectively moot his claim. Accordingly, this Court will excuse the lack of complete exhaustion.[2]

Given the circumstances of this case, the Court declines to dismiss this petition for lack of administrative exhaustion. Considering the time limitations involved with Petitioner's claim, initiating the grievance process at this point would be futile. In addition, Respondent has not asserted that Petitioner still has non-futile avenues available for administrative exhaustion. Accordingly, a discussion on the merits is warranted. See *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir.2007), cert. denied, 128 S.Ct. 927 (2008)

---

[1] The record does not show that an assessment even occurred, although Respondent noted an attachment to the petition referencing a "review." (#5, p. 4, referencing #2, p. 25).

[2] The Administrative Remedy Generalized Retrieval printout provided by Respondent appears to show that Petitioner never attempted to raise his claim with the BOP (#5-2). Petitioner's attachment, however, shows that someone, on some level, reviewed his request.

(a court may address the merits of a petition despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

### B. Residential Reentry Center Placement

The BOP is responsible for the placement and transfer of federal inmates under 18 U.S.C. § 3621. When considering an inmate for prerelease transfer to a community correctional facility, or RRC, the BOP must ensure the placement is: (1) conducted in a manner consistent with 18 U.S.C. § 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the inmate with the greatest likelihood of successful reintegration into the community. 18 U.S.C. § 3624(c)(6)(A)-(C). When determining placement consistent with 18 U.S.C. § 3621(b), the BOP may consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement or recommendation by the sentencing court; and (5) any relevant Sentencing Commission policy statement. 18 U.S.C. § 3621(b)(1)-(5).

When determining RRC placement, the BOP is required only to consider the request "in good faith." *Miller*, 527 F.3d at 758 (quoting *Fults v. Sanders*, 442 F.3d 1088, 1089 (8th Cir. 2006)). The BOP retains broad discretion under 18 U.S.C. § 3621(b), and courts review the BOP's decisions for abuse of its "substantial discretion." *Fegans v. United States*, 506 F.3d 1101, 1102-1105 (8th Cir. 2007).

In this case, there is no evidence that the BOP conducted an individualized Second Chance Act assessment of Petitioner's prerelease needs.  Respondent has not provided any documentation showing that an assessment ever occurred.[3]  Instead, Respondent states that:

> Petitioner does not dispute the fact that the BOP reviewed individual factors related to his RRC placement needs.  As indicated by the attachment to the Memorandum of Law In Support of 28 U.S.C. 2241 petition, petitioner's RRC placement date is 9/28/20, three months prior to his projected release date.  (#5, p. 4)

Petitioner's claim that Respondent failed to comply with the Second Chance Act, which requires an individualized assessment, is essentially a claim that the BOP failed to properly assess the individual factors related to RRC placement.  Further, the referenced review fails to evidence an individualized assessment, made in good faith, that complies with the Second Chance Act.  The attachment does show, however, that some form of review occurred (#2, p. 25).

Petitioner is entitled to a good faith, individualized assessment of his RRC placement needs.  The BOP is not required, however, to conduct a detailed RRC placement analysis.  *Miller*, 527 F.3d at 758.  There is nothing in the applicable statutes or case law that entitles Petitioner to RRC or home detention placement for a specific period of time.  Respondent is required only to individually consider Petitioner for placement in a manner consistent with 18 U.S.C. § 3621(b).  Accordingly, this Court must deny

---

[3] Petitioner briefly mentioned the existence of an assessment in his petition (#2, p. 9).

Petitioner's request for immediate transfer, which he requests regardless of the BOP's assessment.

Because, however, Respondent failed to show that the required assessment occurred, and the time to conduct the assessment has passed, Petitioner's request that the BOP show cause why he should not be immediately transferred is granted.

## III.    Conclusion

Petitioner Timothy Tensley's Petition for Writ of Habeas Corpus (#2) is GRANTED in part and DENIED in part.  Respondent is ordered to show cause why he should not immediately transfer Petitioner to a RRC, or home confinement, to serve the remainder of his prison term.  Respondent asserted that the required individualized assessment already occurred.  Accordingly, Respondent may show cause by providing evidence of the completed assessment.  Respondent must file this evidence within ten (10) days of the entry of this Order.

If an assessment has not occurred, then it appears that the BOP has violated the Second Chance Act, along with its own regulations.  If this is the case, Respondent must immediately inform the Court of this oversight, complete the required assessment, and file evidence of the completed assessment, within ten (10) days of the entry of this Order.  This case will remain open until Respondent has complied with this Order.

IT IS SO ORDERED this 2nd day of July, 2010.

```
                       _____
                            UNITED STATES MAGISTRATE JUDGE
```